**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.B.; P.B., | No. 16-17054 |
| Plaintiffs-Appellants, | D.C. No. 4:15-cv-02138-YGR |
| v. | |
| UNITED STATES OF AMERICA; et al., | ORDER[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submission Deferred April 12, 2018
Submitted June 11, 2020
San Francisco, California

Before: WARDLAW and NGUYEN, Circuit Judges, and OLIVER,[**] District Judge.

Appellants filed this action to stop Internal Revenue Service (IRS) audits of their tax returns for the 2011, 2012, and 2013 tax years. During the pendency of this appeal, Appellants and the Government reached a settlement that resolved the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

2011, 2012, and 2013 audits. The Government has now moved to dismiss the appeal as moot.

Although Appellants acknowledge that the 2011, 2012, and 2013 audits have been conclusively resolved, they argue that a live controversy remains because they have been harassed by the IRS in the past and could face similar harassment in the future. However, a review of the operative complaint shows that the alleged harassment was in the form of the now-resolved audits. While the complaint alleged that the stress of the audits was detrimental to Appellants' health, it sought only non-monetary relief related to the audits, not damages to compensate for Appellants' alleged physical injuries. Finally, although Appellants now argue that they may be subject to future audits (and harassment) by the IRS, this contention is based on nothing more than speculation that is insufficient to give rise to a live controversy. *Mayfield v. Dalton*, 109 F.3d 1423, 1425 (9th Cir. 1997). We therefore agree with the Government that this appeal is moot.

Accordingly, the Government's motion to dismiss the appeal as moot (Dkt. # 84) is **GRANTED**.[1] Appellants' motion for further briefing and oral argument (Dkt. # 101) is **DENIED**.

Appellants' motion to partially redact the Government's March 17, 2020

---

[1] Appellants' motion for judicial notice of documents submitted in opposition to the motion to dismiss (Dkt. # 95) is **GRANTED.**

filing (Dkt. # 110) is **GRANTED**.  The Clerk is directed to maintain the Government filing at Dkt. # 100 under seal.  An appropriately redacted public version of this filing is available as Exhibit A to Appellants' motion for partial redaction.

All pending motions to file documents under seal (Dkts. # 45, 46, 93, 94) are **GRANTED**.

A copy of this order shall serve as and for the mandate of this court.

**DISMISSED**.